MORRIS *v.* ROBERTSON.

*(Circuit Court, S. D. New York.* November 26, 1888.)

CUSTOMS DUTIES—EXCESS OF APPRAISEMENT OVER ENTRY VALUE—PENALTY.
   Although the articles composing an invoice may be dissimilar and known by different trade names, still, if they belong to the same class, and are grouped together in the tariff acts as dutiable under their class name at the same rate, and are valued in the entry only at a lump sum for the entire importation, the penalty imposed by section 2900 of the Revised Statutes is not incurred unless the appraisement of the importation as a whole exceeds by 10 per cent. or more the value declared on the entry. *Schmeider* v. *Barney,* 6 Fed. Rep. 150, distinguished.

*(Syllabus by the Court.)*

At Law. Action to recover back customs duties.

In July, 1882, the plaintiff made an importation into the port of New York, as part of which there was a "packed package" containing nine lots of precious stones, which were described upon the invoice as follows: (1) 125 k. common cat's-eyes, lot star stones, 2 lots fancy stones, 1 King topaz, 6 King topazes; (2) lot matrix opals; (3) 6 Labrador heads; (4) 4 lots wood cat's-eyes; (5) 1 ruby; (6) 110 k. spinels; (7) 113 ½ k. spinels; (8) 51 k. sapphire and Siam rubies; (9) 20 ¼ k. sapphires. These goods were classified for duty by the defendant as collector of customs at 10 per cent. *ad valorem* as "precious stones," under the paragraph beginning with those words in Schedule M of section 2504 of the Revised Statutes. The correctness of this classification was not questioned. A reappraisement was ordered by the collector, on which it was found that three of the above nine lots were undervalued more than 10 per cent.; lot 1 being undervalued 14 per cent., and lots 6 and 7 each 20 per cent. The aggregate undervaluation of all the lots taken as a whole was but 8 and 2-10 per cent. On the three lots found to be undervalued more than 10 per cent. the defendant, as collector, assessed an additional duty of 20 per cent., acting under authority of section 2900 of the Revised Statutes, whereas the plaintiff, protesting, claimed that this additional duty was not properly assessed, for the reason that the aggregate undervaluation of the invoice did not amount to 10 per cent. The value, as declared upon the entry, was a lump sum, being the aggregate value as it appears upon the invoice; and, as compared with this lump sum, the undervaluation as above stated was but 8 and 2-10 per cent. The testimony was uncontradicted that, whereas all the items mentioned in the invoice were placed commercially in the class of pre-

cious stones, still that they were known in trade and commerce in this country each by its specific trade name, as it appears upon the invoice; that they were of different colors and appearances, and varied much in price.

*Stephen G. Clarke* and *Charles Curie*, for plaintiff.

*Stephen A. Walker*, U. S. Atty., and *Macgrane Coxe*, Asst. U. S. Atty., cited *Schmeider* v. *Barney*, 6 Fed. Rep. 150.

LACOMBE, J., (*orally, after stating the facts as above.*) Whether or not the penalty provided for in section 2900, Rev. St., is to be exacted from an importer is to be determined by a comparison of the value declared in the entry with the value found upon appraisement. Although articles may be dissimilar, and known by different trade names, still, if they belong to the same class, and are grouped together in the tariff acts as dutiable under their class name at the same rate, and are valued in the entry only at a lump sum for the entire importation, the penalty is not incurred unless the appraisement of the importation as a whole exceeds by 10 per cent. or more the value so declared on the entry. The case decided by Judge SHIPMAN, and referred to on the argument (*Schmeider* v. *Barney*, 6 Fed. Rep. 150,) does not apply to the case at bar, because in that case the different varieties were apparently separately valued upon the amended entry, so that comparison of the declared value of each variety with the appraiser's report was practicable. Verdict must be directed for the plaintiff.