# CASES ADJUDGED IN THE UNITED STATES COURT OF CUSTOMS APPEALS.

## MITSUI & CO. *v.* UNITED STATES (No. 2256).[1]

1. ENTRY STATEMENT OF VALUE.

   It is well settled that ordinarily the unit value of imported merchandise should be stated in the entry. United States *v.* Kuttroff (9 Ct. Cust. Appls. 239; T. D. 38204). The collector may require an entry to be amended in this respect.—Art. 1021, Customs Regulations 1915.

2. ADDITIONAL DUTY—COMPARISON OF VALUES.

   In determining whether or not the additional duty levied by paragraph I, Section III, tariff act of 1913, in cases where the market value is greater than the entered, the two values must be of the same thing. Canvas of four different grades was entered by stating the gross quantity and the gross value. The appraiser reported the quantity in each grade, the gross value of each grade, and the gross value of the whole entry. The collector derived an entered unit value by dividing the total value by the total quantity, and a market unit value for each grade by a similar computation based on the appraiser's report. This resulted in overvaluation for two grades and undervaluation for the other two, and additional duty was levied upon the overvaluation thus found. The proper basis for additional duty was a comparison of the *gross* value stated in the entry and the *gross* value stated in the appraiser's report.

United States Court of Customs Appeals, November 17, 1923.

APPEAL from Board of United States General Appraisers, Abstract 45640.

[Reversed.]

*Frank L. Lawrence* (*Martin T. Baldwin* of counsel) for appellants.
*William W. Hoppin,* Assistant Attorney General (*Edward J. Neary,* special attorney, of counsel), for the United States.

[Oral argument October 2, 1923, by Mr. Hoppin.]

Before MARTIN, Presiding Judge, and SMITH, BARBER, BLAND, and HATFIELD, Associate Judges.

MARTIN, Presiding Judge, delivered the opinion of the court:

The merchandise in this case consisted of 28 bales of flax canvas imported from Japan under the tariff act of 1913. The bales contained 200 pieces, measuring in all 10,080 yards. The importation was subject to an ad valorem rate of duty, and it is conceded that the correct primary rate was assessed thereon. The issue now upon appeal relates solely to the assessment of so-called additional duties.

[1] T. D. 39885.

The importers entered the merchandise upon a pro forma invoice, and in both the invoice and entry they correctly stated the quantity thereof to be 28 bales containing 10,080 yards. In each instance, however, instead of stating the unit value of the goods per yard, they simply stated the gross value of the importation. This they reported to be 16,327.58 yen.

When the local appraiser came to appraise the merchandise he divided it into four separate classes, composed respectively of 6, 16, 4, and 2 bales, which in corresponding order contained 2,106, 5,760, 1,440, and 720 yards of goods. He then appraised these classes separately, but instead of stating the unit value of each class per yard, he gave simply the gross or entire value of each class. The total value of the four classes as thus appraised was 17,298.25 yen, which was an advance over the entered value aforesaid. There was no appeal taken to reappraisement, and accordingly the merchandise became subject to the assessment of additional duties under paragraph I, Section III, tariff act of 1913.

It may be repeated that in the entry the importers stated the aggregate number of yards of goods composing the importation, and also the gross value thereof, without dividing the merchandise into classes and without stating specifically the unit value per yard of any part thereof; and that the local appraiser, acting upon his own initiative, separated the imported goods into four unequal classes, each containing a stated number of yards, and appraised each class separately, reporting, however, only the gross value of each class without stating specifically the unit value per yard of any class. As already stated, the total appraised value of the four classes exceeded the value of the merchandise, as stated by the importers in the entry.

Thereafter when the entry came to be liquidated the collector assessed an appropriate primary rate of duty upon the valuation as thus advanced, and also assessed additional duties because of the advance. He computed these by assuming that an entered unit value per yard of the merchandise could be ascertained by dividing the gross value thereof as entered, after deducting certain nondutiable items, by the number of yards given in the entry. In this manner he found a unit value per yard of 1.60368 yen, and he accepted this as the entered unit value per yard of the entire importation. The collector then applied a similar method of calculation to the valuations placed by the appraiser upon the four several classes into which he had divided the merchandise for appraisement, and accordingly found an appraised unit value per yard for the goods in each class. These assumed unit values per class differed from one another, being in two instances less than the assumed entered unit value and being in two cases more than that

value. As a result of these computations the collector decided that the importers in their entry had overvalued two of the classes aforesaid and had undervalued the other two. He held that no relief could be extended to them by way of correcting the overvaluation, since duty could not be assessed upon less than the entered value of the merchandise. But upon the two classes which were declared to be undervalued he assessed so-called additional duties. The advance upon one class was 5 per cent, upon the other 9 per cent, of the alleged entered value.

The importers protested against the assessment of the additional duties, but the board overruled the protest, from which decision the importers appealed.

We think that the collector's procedure was erroneous. When the importers presented their entry containing only a gross valuation of the merchandise, without stating a unit value per yard, the collector possessed the authority under article 1021, Customs Regulations, 1915, to require them to amend the entry by stating the unit value per yard thereon. No such action, however, was taken, the entry being accepted in the form in which it was presented. It is well settled that ordinarily the unit value of imported merchandise should be stated in the entry.—United States *v.* Kuttroff (9 Ct. Cust. Appls. 239; T. D. 38204). Nevertheless, such a course may be impracticable in exceptional cases, as, for example, where goods are not uniform in character, or have suffered partial injury from fire or water or other causes. Under such circumstances the collector may approve an entry wherein only the gross value of the importation is stated. But where goods are thus entered at a gross value the collector, for the purpose of determining whether additional duty should or should not be assessed, must compare the gross entered value with the gross appraised value on the basis of the appraiser's appraisement. That rule was expressed by this court in United States *v.* Kuttroff, supra, in the following words:

Fundamentally it will aid consideration of the issue by defining the terms "appraised value" and "entered value" as used in said paragraph I. Inasmuch as the provision literally requires comparison of two values, necessarily they must, to be thus comparable, be the same in kind. That is to say, if one is a unit value, so must be the other, and if the one is a gross or quantity value, so, to be comparable, must be the other.

The propriety of such a rule is quite manifest. Otherwise, after the acceptance of an entry stating gross value only, the appraiser, by means of dividing the merchandise into classes for the purpose of appraising it, could subject the importation to heavy additional duties even though the aggregate appraised value thereof were less than the gross value as entered.

Inasmuch, therefore, as the entered value in this case was stated in gross only, that value should have been compared for the present

purpose with the gross appraisement of the merchandise. Or, what amounts to the same thing, if the average entered value per yard of the entire importation was to be taken as the standard of comparison, as was done in this case, the average value per yard of the entire appraised value of the importation should have been taken likewise.— Morris v. Robertson (37 Fed. 199).

In this view of the case it appears that the collector's assessment of additional duties was based upon a wrong principle and should be reversed. We have not overlooked the fact that the importers have in terms sought to limit their appeal to the assessment made upon a single one of the four appraised classes of merchandise. We think, however, that under the terms of their protest and in view of the character of the liquidation in question we should order a reliquidation of the entire entry in relation to the additional duties. The decision of the board is therefore reversed, and the case is remanded for a reliquidation of the entry so far as the additional duties are concerned, by a comparison of the gross entered value with the gross or aggregate appraised value of the merchandise as aforesaid. *Reversed.*